## STATE vs. ROLAND FORD.

1. CRIMINAL LAW—NATURE AND ELEMENTS OF CRIME—INTENT.

Ordinarily an act which is not in itself unlawful cannot amount to a crime, unless committed with an unlawful intent.

2. CRIMINAL LAW—ELEMENTS OF CRIME—INTENT—ACTS PROHIBITED BY STATUTE.

Under 16 *Del. Laws*, c. 152, providing that any person unlawfully placing any obstruction upon a railroad track, or by any other unlawful means rendering such track unsafe for transportation, shall be deemed to have done so maliciously and be guilty of obstructing a railroad, and 23 *Del. Laws*, c. 205, providing that if any person, other than a duly authorized employee of any railway, shall touch, disturb, or in any wise interfere with the signals, signal lights, or signal wires of a railway, he shall be deemed to have done so maliciously, and shall be guilty of obstructing a railway, the mere act of touching, disturbing, or interfering with the signals, signal lights, or signal wires by one not authorized to do so constitutes the crime, regardless of the motive or intent with which the act is done, and the fact that it was done ignorantly, innocently, or in a spirit of play or mischief, rather than of malice, is not a defense, and cannot be proved or considered.

(<em>October</em> 23, 1912.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*W. Watson Harrington*, Deputy Attorney General, for the state.

*Charles H. Le Fevre* for the defendant.

Court of General Sessions, Kent County, October Term, 1912.

The indictment charged the defendant with interfering with the signal lights of the branch of the P., B. & W. R. R., extending from Clayton to Smyrna, by shifting one of the lights along the track of said railroad from red to white, and by breaking and destroying another signal light.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—It is charged that Roland Ford, the prisoner at the bar, on the twenty-third day of March, A. D. 1912, with force and arms, at Duck Creek Hundred, in the county aforesaid, disturbed or removed a signal light of the Philadelphia, Baltimore and Washington Railroad Company on the track of its railroad between the Town of Clayton and the Town of Smyrna, in the hundred, county and state aforesaid, the said Roland Ford not being then and there a duly authorized employee of the said railroad company, against the form of the act of the General Assembly in such case made and provided.

The act of the General Assembly, referred to in the indictment, was passed on March 25, 1879, is contained in *Chapter* 152 of *Volume* 16, *Laws of Delaware*, and in part reads as follows:

"If any person shall unlawfully place any obstruction upon a railroad track, or by any other unlawful means shall render such track unsafe for transportation of passengers or freight, he shall be deemed to have done so maliciously, and to be guilty of the offense of obstructing a railroad," etc.

Supplementing this act is another, approved on the twenty-ninth of March, 1905, and published as *Chapter* 205, *Volume* 23, *Laws of Delaware*, which provides that "if any person, other than a duly authorized employee of any railway, shall touch, disturb or in any wise interfere with the signals, signal lights and signal

wires of any railway he shall be deemed to have done so maliciously. If any person shall do any of the things prohibited by this act he shall be guilty of the offense of obstructing a railway, and of a misdemeanor."

[1, 2] A crime usually is composed of two elements, an act, and an intent. An act not in itself unlawful, rarely amounts to a crime, unless it be committed with an unlawful intent. But sometimes an act, because of its nature or of its consequences, is in itself made unlawful, without regard to the motive by which it is inspired or the intent with which it is committed. The act of disturbing the signal system of a railroad, is recognized by all as an act fraught with great danger and consequent peril to those who travel. The danger and peril when created, exist and remain regardless of the motive or intent with which they were created. Therefore the law has made unlawful the mere act of touching, disturbing or in any wise interfering with the signals, signal lights and signal wires of a railroad, by one not authorized to do so, and when the act is proven to have been done it is considered by the law to have been done maliciously and the act alone constitutes the crime. Proof that it was done ignorantly, innocently, or in the spirit of play or mischief rather than of malice, is no defense and can neither be received nor considered.

Therefore, if you are satisfied, beyond a reasonable doubt, that some time prior to and within two years of the date of the finding of the indictment under which he is being tried, the prisoner touched, disturbed or in any wise interfered with the signals, signal lights or signal wires of the railroad at the place mentioned, regardless of his purpose, motive or intent, and that at the time he was not an employee of the railroad company duly authorized to touch, handle and arrange the signals and their connections, your verdict should be guilty.

Verdict, not guilty.